### Adolph J. Sabath and Harry Levinson, trading as Sabath & Levinson, Plaintiffs in Error, v. Barbara Vacek et al., Defendants in Error.

#### Gen. No. 22,043.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed March 20, 1917.

### Statement of the Case.

Action by Adolph J. Sabath and Harry Levinson, trading as Sabath & Levinson, plaintiffs, against Bar-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Sabath et al. v. Vacek, 204 Ill. App. 396.

bara Vacek, Anna Vacek and Hattie Vacek, defendants, to recover the balance claimed due under a certain written contract for legal services. From a judgment for defendants, plaintiffs bring error.

SABATH, STAFFORD & SABATH, for plaintiffs in error.

Q. J. CHOTT and FRANK H. CULVER, for defendants in error.

MR. JUSTICE MCDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 60*—*when attorney may not delegate personal trust.* The employment of an attorney involves a personal trust which cannot be delegated without the special consent of the client.

2. ATTORNEY AND CLIENT, § 53*—*when evidence is sufficient to show no assent to or knowledge of performance of services by other attorneys or employees.* The evidence held to show no assent, express or implied, by the defendants that certain of the legal services for which plaintiffs were employed by them should be performed by other members or employees of plaintiffs, or that the defendants had knowledge that such services were being so performed, in an action to recover for such services.

3. ATTORNEY AND CLIENT, § 107*—*when attorneys may not maintain action for services performed by employees or other attorneys.* An action cannot be maintained by attorneys for legal services for which they were employed, but which were in fact performed by others or by their employees, without showing the client's assent to such performance of such services.

4. JUDGMENT, § 200*—*necessity of recovery against all on joint obligation.* Where an obligation is joint, recovery must be against all or none.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.